1  Garo Mardirossian, Esq., #101812
   garo@garolaw.com
2  Rowena J. Dizon, Esq., #171365
   rdizon@garolaw.com
3  **MARDIROSSIAN & ASSOCIATES, INC.**
   *A Professional Law Corporation*
4  6311 Wilshire Boulevard
   Los Angeles, CA  90048-5001
5  Telephone (323) 653-6311
   Facsimile (323) 651-5511
6
7  Thomas E. Beck, Esq., #81557
   becklaw@earthlink.net
8  **THE BECK LAW FIRM**
   10377 Los Alamitos Boulevard
9  Los Alamitos, CA  90720
   Telephone (562) 795-5835
   Facsimile (562) 795-5821
10
   Attorneys for Plaintiff EDWARD M. QUINONEZ
11

12                **UNITED STATES DISTRICT COURT**

13                **CENTRAL DISTRICT OF CALIFORNIA**

14

15  EDWARD M. QUINONEZ,                 )  Case No.: SACV12-104-JVS (ANx)

16          Plaintiff,                  )  **COMPLAINT FOR DAMAGES**

17          vs.                         )  1.   Violation of Civil Rights
                                        )       (42 U.S.C. § 1983)
18  CITY OF FULLERTON; MICHAEL          )
    SELLERS, Chief of Police individually and  )  2.   *Monell* Claim
19  as a peace officer; KENTON HAMPTON  )       (42 U.S.C. § 1983)
    #1337, individually and as a peace officer;  )
20  and DOES 1-10, inclusive,          )  3.   Conspiracy to Violate Civil Rights
                                        )       (42 U.S.C. § 1985(2))
21          Defendants.                 )
                                        )  4.   Conspiracy to Violate Civil Rights
22                                      )       (42 U.S.C. § 1985(3))
                                        )
23                                      )  5.   Failure to Intervene
                                        )       (42 U.S.C. § 1986)
24                                      )
                                        )  **DEMAND FOR JURY TRIAL**
25                                      )

26

27

28

                                    1

## JURISDICTION

1.    Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343, (1), (2), (3) and (4).  This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.    At all times herein mentioned, Plaintiff EDUARDO M. QUINONEZ is a resident of the County of Orange, City of Anaheim, and a United States citizen of Hispanic descent.

3.    At all times herein mentioned, Defendants MICHAEL SELLERS, Chief of Police individually and as a peace officer, KENTON HAMPTON #1337, individually and as a peace officer, and DOES 1-10, inclusive and each of them, were employees of the City of Fullerton and the Fullerton Police Department.  Defendant SELLERS is at all relevant times, the highest-ranking law enforcement policymaker for the City of Fullerton.  Defendants 6-10 were each duly appointed qualified and acting ranking officers, officials and employees of the Fullerton Police Department and Defendant CITY, also charged by law with the supervision, management, control, operation and administration of the Fullerton Police Department and with the responsibility, control, supervision, training, employment, assignment, discipline and removal of peace officers of the Fullerton Police Department and CITY.  Each said Defendant was acting within the course and cope of their said employment and under the color of state law, and as the employee, agent and representative of each other Defendant.

4.    Defendant CITY OF FULLERTON (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to

1   adopt policies and prescribe rules, regulations and practices affecting the operation of the
2   Fullerton Police Department, and particularly said Department's Patrol, Internal
3   Investigations and Training and Personnel Divisions and other operations and
4   subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices,
5   customs and usages related to internal investigations, personnel supervision and records
6   maintenance, the use and deployment of dangerous weapons, the use of force, and powers
7   of arrest by its rank and file.

8       5.      Plaintiff is informed and believes and thereon alleges that each of the
9   Defendants designated as a DOE is intentionally and negligently responsible in some
10  manner for the events and happenings herein referred to, and thereby proximately caused
11  injuries and damages as herein alleged.  The true names and capacities of DOES 1
12  through 10, inclusive, and each of them, are not now known to Plaintiff who therefore
13  sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this
14  complaint to show their true names and capacities when the same have been ascertained.

15      6.      Defendants, and each of them, did the acts and omissions hereinafter alleged
16  in bad faith and with knowledge that their conduct violated well established and settled
17  law.

18      7.      The incidents complained of occurred at or near the vicinity of 100 W.
19  Amerige Ave., in the City of Fullerton.  On Sunday June 27, 2010, at approximately 2:00
20  a.m., Plaintiff QUINONEZ was standing on a sidewalk and smoking a cigarette when he
21  observed Defendant HAMPTON and three other unidentified officers conducting a traffic
22  stop and searching a vehicle.  The Hispanic male occupants of the vehicle were seated on
23  the curb.  One of the male occupants turned to Plaintiff QUINONEZ and asked him a
24  question, which Plaintiff did not clearly hear.  Reflexively, Plaintiff asked what it was,
25  and Defendant HAMPTON told Plaintiff to shut up and not to interfere with his
26  investigation.  Plaintiff QUINONEZ moved away and continued smoking his cigarette.
27  As he was putting it out, Plaintiff QUINONEZ observed Defendant HAMPTON walking
28  toward him.  Plaintiff QUINONEZ turned to walk away.  Defendant HAMPTON said "so

1  where are you going now?" as he approached and stood up against Plaintiff QUINONEZ
2  so close as to be touching his body.  Plaintiff QUINONEZ did not want Defendant
3  HAMPTON standing so close to him and touching him and told him to get away.  At this
4  Defendant HAMPTON grabbed and cuffed Plaintiff's left wrist and turned him against
5  the adjacent wall and cuffed Plaintiff's right wrist, behind Plaintiff's back.  Plaintiff
6  verbally protested the reason for the apparent arrest and Defendant HAMPTON said
7  "you're drunk in public."  In fact, Plaintiff QUINONEZ had not been drinking.  Plaintiff
8  QUINONEZ demanded a breathalyzer upon which Defendant HAMPTON slammed
9  QUINONEZ' head against the wall and continued to apply pressure against QUINONEZ'
10 head, causing Plaintiff QUINONEZ to suffer pain.  Defendant HAMPTON told
11 QUINONEZ no breathalyzer test would be given.  In fact, neither HAMPTON nor his
12 partner gave Plaintiff QUINONEZ any other test while in the field.  Plaintiff
13 QUINONEZ was taken to the police station and booked for a crime he did not commit.
14 Plaintiff QUINONEZ was kept in police custody for several hours.  Despite his repeated
15 pleas for a breathalyzer test to prove he was not under the influence, and for medical
16 attention for his headaches, Defendants HAMPTON and DOES 1-5, and each of them,
17 delayed administration of the breathalyzer test that would have immediately
18 demonstrated that Defendants fabricated probable cause for Plaintiff's punitive arrest and
19 booking, and also delayed medical treatment to Plaintiff.
20     8.     Plaintiff is informed and believes, and thereon alleges that Defendant
21 HAMPTON and DOES 1-5 conspired to write and did write willfully false crime and
22 arrest reports accusing him of crimes Defendants knew he did not commit, to wit, being
23 drunk in public.
24     9.     Pursuant to the arrest, Defendants issued Plaintiff a citation to appear in
25 court to defend Defendants' false accusations.
26     10.    Plaintiff appeared in court and was ultimately told no charges would be
27 filed.
28     11.    Notwithstanding CITY OF FULLERTON's and SELLERS' knowledge that

4

HAMPTON and DOES 1-5, had on numerous other prior and subsequent occasions falsely accused others of crimes against himself or other police officers, assaulted and battered third parties and engaged in repeated acts of dishonesty and violence, no officer involved in the misconduct and criminal wrongdoing as recited above has ever disciplined or been held responsible as of the date of this complaint nor has any police department employee who participated in the conspiracy to falsely arrest Plaintiff has been disciplined, prosecuted or otherwise made to be accountable for their unlawful conduct.

## FIRST CAUSE OF ACTION
## (VIOLATION OF CIVIL RIGHTS - EXCESSIVE FORCE, FALSE ARREST, AND CONSPIRACY - 42 U.S.C. § 1983)
(By Plaintiff Against HAMPTON and DOES 1-5, inclusive.)

12.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 11 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

13.     This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

14.     Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants KENTON HAMPTON, and DOES 1-5 and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unreasonable force, unlawful arrest and imprisonment, and a cover-up conspiracy.

15.   Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights by participating in a corrupt effort to illegally seize, book, and fraudulently convict Plaintiff on false charges manufactured and supported by Defendants.

16.   As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous system, fear, anxiety, torment, degradation and emotional distress.

17.   As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff was deprived of his liberty, without warrant or justification.

18.   As a proximate result of the acts of Defendants, and each of them, Plaintiff was compelled to expend money all to his damage according to proof.

19.   As a proximate result of the acts of Defendants, and each of them, Plaintiff has suffered damage to his reputation and embarrassment in the community.

20.   By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred medical and therapeutic expenses in an amount as proved.

21.   In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to his usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to his damage in an amount as proved.

22.   By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

23.   The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

## SECOND CAUSE OF ACTION

## (UNLAWFUL CUSTOM AND PRACTICE UNDER 42 U.S.C § 1983)

(By Plaintiff Against Defendants CITY, SELLERS and DOES 6-10, inclusive.)

24.    Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 23 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

25.    Defendant CITY is and at all times herein mentioned, has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Fullerton Police Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

26.    Plaintiff is informed and believes, and thereon alleges, that on June 27, 2010, and for some time prior thereto, Defendants CITY, SELLERS and DOES 6-10 inclusive, had in place, and had ratified policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the First, Fourth and Fourteenth Amendments, unlawfully arrest persons without probable cause and use excessive force on them, specifically on Hispanics/Latinos, as well as members of other minority groups.

27.    At all times herein mentioned, Defendants SELLERS and Does 6-10, and each of them, were employees acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who

1 | have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses
2 | of their powers as peace officers in the employment of the CITY.

3 |     28.    Defendant CITY knowingly maintains and permits official *sub-rosa* policies
4 | or customs of permitting the occurrence of the kinds of wrongs set forth above, by
5 | deliberate indifference to widespread police abuses, failing and refusing to impartially
6 | investigate personnel complaints, failing to discipline or prosecute peace officers who
7 | commit acts of felonious dishonesty and crimes of violence, each ratified and approved
8 | by CITY, SELLERS and DOES 6-10, inclusive.

9 |     29.    The unconstitutional policies, practices or customs promulgated, sanctioned
10 | or tolerated by Defendants CITY, SELLERS and DOES 6-10 include, but are not limited
11 | to:

12 |     (a)    Defendants CITY, SELLERS and DOES 6-10 had knowledge, prior
13 | to and since this incident, of repeated allegations of abuse and assaultive misconduct
14 | toward detainees and arrestees. Specifically, CITY, SELLERS and DOES 6-10 knew
15 | Defendants had in the past committed acts of police abuse, dishonesty and prevarication;

16 |     (b)    Defendants CITY, SELLERS and DOES 6-10 had knowledge, prior
17 | to and since this incident, of similar allegations of abuse and dishonesty by Defendants,
18 | and refused to enforce established administrative procedures to ensure the safety of
19 | detainees and arrestees;

20 |     (c)    Defendants CITY, SELLERS and DOES 6-10 refused to adequately
21 | discipline individual officers and employees found to have committed similar acts of
22 | abuse and misconduct;

23 |     (d)    Defendants CITY, SELLERS and DOES 6-10 refused to competently
24 | and impartially investigate allegations of abuse and misconduct alleged to have been
25 | committed by Fullerton Police Department officers;

26 |     (e)    Defendants CITY and SELLERS reprimanded, threatened,
27 | intimidated, demoted and fired officers who reported acts of abuse by other officers;

28 |

(f)     Defendants CITY and SELLERS covered up acts of misconduct and abuse by Fullerton Police Department officers and thereby sanctioned a code of silence by and among officers;

(g)     Defendants CITY and SELLERS rewarded officers who displayed aggressive and abusive behavior towards detainees and arrestees;

(h)     Defendants CITY and SELLERS failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

(i)     Defendant CITY and SELLERS failed to adequately supervise the actions of officers under their control and guidance;

(j)     Defendants CITY and SELLERS condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the CITY of FULLERTON and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

(k)     Defendants CITY and SELLERS condoned and encouraged a conspiracy of silence among their employees for the purpose of concealing and furthering wrongful and illegal conduct by their employees;

(l)     Defendants CITY and SELLERS engaged in the practice and custom of withholding from criminal defendants, judges and prosecutors, known Brady evidence unfavorable to their officers in violation of law and the Constitution.

(m)     Defendants CITY and SELLERS fostered and encouraged an atmosphere of lawlessness, abuse and unconstitutional misconduct, as to encourage their police officers to believe that improper arrest of residents of the City of Fullerton or persons present therein, including members of minority groups, the excessive use of force, the submission of false police reports, and the commission of perjury was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications. By June 2010 and

1    thereafter, these represented the unconstitutional policies, practices and customs of the

2    CITY.

3        30.    Said policies, procedures, customs and practices also called for the CITY

4    and its Police Department not to discipline, prosecute, or objectively and/or

5    independently investigate or in any way deal with or respond to known incidents and

6    complaints of false arrests, falsification of evidence, the preparation of false police

7    reports to justify wrongful conduct, and the giving of false testimony in trial to cover-up

8    and conceal such wrongful conduct by officers of the Fullerton Police Department. Said

9    policies, procedures, customs and practices also called for the CITY to fail to objectively

10    and/or independently investigate or in any way deal with or respond to the related claims

11    and lawsuits made as a result of false arrests and related misconduct.

12        31.    Said policies, procedures, customs and practices called for and led to the

13    refusal by Defendants, and each of them, to investigate complaints of previous incidents

14    of false and unlawful arrests, the filing of false police reports to conceal such misconduct,

15    the falsification of evidence and perjury and instead, officially claim that such incidents

16    were justified and proper.

17        32.    Said policies, procedures, customs and practices of Defendants, and each of

18    them, evidenced a deliberate indifference to the violations of the constitutional rights of

19    Plaintiff. This indifference was manifested by the failure to change, correct, revoke or

20    rescind said policies, procedures, customs and practices in light of prior knowledge by

21    Defendants, and each of them, and their subordinate policymakers, of indistinguishably

22    similar incidents of unjustified and unreasonable and unlawful arrests, excessive use of

23    force, falsification of evidence, submission of false police reports and perjury.

24        33.    Defendants, and each of them, demonstrated their deliberate indifference to

25    the civil rights of minority groups and other victims of the Fullerton Police Department's

26    unlawful arrests, falsified evidence, false and misleading police reports and false and

27    perjurious testimony by ignoring the history and pattern of prior civil lawsuits alleging

28

civil rights violations arising from such misconduct and the related payment of damages to such individuals.

34.     Defendants, and each of them, demonstrated their deliberate indifference by an absence of or by maintenance of an inadequate system of tort claims tracking, use-of-force tracking, and maintenance of an inadequate system of officer discipline and independent and objective investigation by the CITY and its Police Department which failed to identify and investigate instances of false and unlawful arrests, falsification of evidence, submission of false police reports and perjury.

35.     Defendants, and each of them, demonstrated their deliberate indifference to the civil rights of minority groups and other victims of the Fullerton Police Department's unlawful arrests, improper uses of force, and falsified evidence, by their failure to adequately train and more closely supervise or re-train officers and/or discipline or recommend prosecution of those officers who in fact improperly used such force, falsified evidence, submitted false and misleading police reports, and/or committed perjury.

36.     Other systemic deficiencies which indicated and continue to indicate, a deliberate indifference to civil rights violations by officers of the Fullerton Police Department include:

        a.      preparation of investigative reports designed to vindicate and/or justify false and unlawful arrests;

        b.      preparation of investigative reports which uncritically rely solely on the word of Fullerton police officers involved in unlawful arrests or improper use of force and which systematically fail to credit testimony by non-officer witnesses;

        c.      preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

        d.      failure to maintain centralized department-wide systems for the tracking and monitoring of tort claims and lawsuits alleging false arrests, planting of evidence, perjury, abuse of authority, and race-based misconduct by individual officers so

1  as to identify those officers who engage in a pattern of abuse of police authority and
2  police misconduct.

3      37.    Defendants, and each of them, also maintained a system of grossly
4  inadequate training pertaining to the lawful making of arrests, police ethics, the law
5  pertaining to searches and seizures, testifying in trial and perjury, the collection of
6  evidence, and the preparation of police reports.

7      38.    Defendants, and each of them, demonstrated their deliberate indifference to
8  the civil rights of minority groups and other victims of its Police Department's false
9  arrests, excessive uses of force, and perjury by failing to implement an officer discipline
10  system which would conduct meaningful and independent investigations of citizen
11  complaints of false arrests, falsified evidence, evidence tampering, authoring and filing of
12  false and misleading police reports, and the presentation of false testimony at trial.

13      39.    Defendants, and each of them, demonstrated their deliberate indifference to
14  the civil rights of minority groups and other victims of its Police Department's unlawful
15  arrests, excessive uses of force, falsified evidence, false and misleading police reports
16  and false and perjurious testimony by their implementation of a practice and custom
17  within the Fullerton Police Department of permitting their officers to engage in unlawful
18  activities while on duty such as assaults, batteries, and other crimes of moral turpitude.

19      40.    The foregoing acts, omissions, and systemic deficiencies are policies and
20  customs of Defendants, and each of them, which caused, permitted and/or allowed under
21  official sanction Defendant HAMPTON and DOES 1 through 5, inclusive to believe that
22  arrests are entirely within the discretion of the officer and that improper and unlawful
23  arrests, evidence falsification, filing of false and misleading police reports, and the
24  commission of perjury would not be objectively, thoroughly and/or properly investigated,
25  all with the foreseeable result that defendants' officers would make false and unlawful
26  arrests, improperly use force, falsify evidence, submit false and misleading police reports,
27  and commit perjury, and thereby violate the civil rights of the citizens of this State with
28  whom said officers would come into contact.

41.     By reason of the aforesaid policies, customs, practices and usages, Plaintiff was deprived of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

42.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff suffered false arrest and imprisonment, severe mental anguish, emotional distress, financial losses as alleged in the First Cause of Action, all to Plaintiff's damage in a sum according to proof.

## THIRD CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 1985 (2))

(By Plaintiff Against HAMPTON and DOES 1-5, inclusive.)

43.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 42 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

44.     Commencing on June 27, 2010 and thereafter, Defendants and two or more of them, in the State of California, County of Orange, by reason of Defendants' animus against minorities, including Hispanic or Latinos of which class Plaintiff belongs, invidiously discriminated and conspired together to act and to fail to act as hereinbefore alleged, for the purpose of impeding, hindering, obstructing, and defeating the due course of justice in the State of California and County of Orange.

45.     Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiff equal protection of the laws by (a) denying the right to be free from unreasonable search and seizure; and (b) denying the right not to be deprived of property and liberty without due process of law.

46.     By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. § 1985 (2).

47.     As a direct and proximate result of the foregoing, Plaintiff has been damaged

1    as recited above and demands and is entitled to the damages recited in the First Cause of

2    Action, including but not limited to, general and punitive damages (except as to

3    Defendant CITY) and attorney's fees.

4

5                         **FOURTH CAUSE OF ACTION**

6                **(VIOLATION OF 42 U.S.C. § 1985 (3))**

7          (By Plaintiff Against HAMPTON and DOES 1-5, inclusive.)

8       48.     Plaintiff refers to and re-pleads each and every allegation contained in

9    paragraphs 1 through 47 of this complaint, and by this reference incorporates the same

10    herein and makes each a part hereof.

11       49.     By virtue of the foregoing, Defendants and two or more of them, conspired

12    for the purpose of depriving Plaintiff of (a) equal protection of the law; and (b) equal

13    protection and immunities under the law; and for the purpose of preventing and hindering

14    the constituted authorities from giving and securing to Plaintiff equal protection of the

15    law an deprivation of liberty and property without due process of law.

16       50.     Defendants, and each of them, did and caused to be done, an act or acts in

17    furtherance of the object of the conspiracy, whereby Plaintiff was deprived of the rights

18    and privileges as set forth above.

19       51.     As a direct proximate result of the foregoing, Plaintiff has been damaged as

20    recited above and demands and is entitled to the damages recited in the First Cause of

21    Action, including, but not limited to, general and punitive damages (except as to

22    Defendant CITY) and attorney's fees.

23    \\\

24    \\\

25    \\\

26    \\\

27    \\\

28    \\\

## FIFTH CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. § 1986)

(By Plaintiff Against HAMPTON and DOES 1-5, inclusive.)

52.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 51 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

53.     Commencing on June 27, 2010, Defendants, and each of them knew and understood Plaintiff was being subjected to a deprivation of his constitutional rights and were in the position and had the duty and authority to intervene to prevent the wrongdoing committed against Plaintiff by Defendants.

54.     By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. § 1986.

55.     As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY) and attorney's fees.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.     For General damages according to proof;

2.     For Special damages according to proof;

3.     For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;

4.     For attorney's fees pursuant to 42 U.S.C § 1988;

5.     For Costs of suit;

6.     For such other and further relief as the Court may deem proper.

Dated:  January 18, 2012

MARDIROSSIAN & ASSOCIATES, INC.

By: _____

Garo Mardirossian, Esq.
Rowena J. Dizon, Esq.
Attorneys for Plaintiff EDWARD M.
QUINONEZ

## DEMAND FOR JURY TRIAL

Plaintiff EDWARD M. QUINONEZ hereby demands a trial by jury.

Dated:  January 18 2012

MARDIROSSIAN & ASSOCIATES, INC.

By: _____

Garo Mardirossian, Esq.
Rowena J. Dizon, Esq.
Attorneys for Plaintiff EDWARD M.
QUINONEZ

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| EDWARD M. QUINONEZ | CITY OF FULLERTON; MICHAEL SELLERS, Chief of Police individually and as a peace officer; KENTON HAMPTON #1337, individually and as a peace officer; and DOES 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Garo Mardirossian, Esq., MARDIROSSIAN & ASSOCIATES, INC., 6311 Wilshire Boulevard, Los Angeles, CA 90048-5001, (323) 653-6311<br>Thomas E. Beck, Esq., THE BECK LAW FIRM, 10377 Los Alamitos Boulevard Los Alamitos, CA 90720, (562) 795-5835 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT: $** According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§ 1331

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: SACV12-104

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date January 18, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 104 JVS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| EDWARD M. QUINONEZ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. SACV12-104-JVS (ANx) |
| CITY OF FULLERTON (See Attachment) | ) |
| *Defendant* | ) |

**FOR OFFICE USE ONLY**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CITY OF FULLERTON, 303 West Commonwealth, Fullerton, CA 92832

MICHAEL SELLERS, KENTON HAMPTON #1337, 237 West Commonwealth, Fullerton, CA 92832

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Garo Mardirossian, Esq., MARDIROSSIAN & ASSOCIATES, INC.
6311 Wilshire Boulevard, Los Angeles, CA 90048-5001

Thomas E. Beck, Esq., THE BECK LAW FIRM
10377 Los Alamitos Boulevard, Los Alamitos, CA 90720

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

MARILYN DAVIS

Date:  JAN 2 3 2012     _____

**FOR OFFICE USE ONLY**

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                              *Server's signature*

                                                   _____
                                                              *Printed name and title*


                                                   _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

# ATTACHMENT TO SUMMONS IN A CIVIL ACTION

MICHAEL SELLERS, Chief of Police individually and as a peace officer;
KENTON HAMPTON #1337, individually and as a peace officer; and DOES 1-
10, inclusive,

Defendants.